UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Soileau                                                                          Civil Action No. 09-2163

Versus                                                                           Judge Rebecca F. Doherty

Wal-Mart Louisiana, LLC                                              Magistrate Judge Hanna

MEMORANDUM RULING

Before the Court is a Motion To Remand And For Costs, Expenses And Attorney Fees filed by plaintiff, Julie Soileau ,[Rec. Doc. 6] and defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc.'s ("Wal-Mart") opposition thereto [Rec. Doc. 10]. A hearing on the motion was conducted on February 24, 2010. *R. 11*. For the oral reasons assigned at the hearing as well as the reasons that follow, plaintiff's motion to remand will be granted and the motion for costs, expenses and attorneys fees will be denied.

This case arises out of an accident at Wal-Mart's store in Opelousas, Louisiana on December 27, 2007. Plaintiff Julie Soileau was walking down an aisle in the store's toy department when she allegedly slipped or tripped on a "fast track" or "shelf strip," a clear plastic strip attached to the front lip of the merchandise shelves for displaying modular price labels. Plaintiff sued Wal-Mart in the Twenty-seventh Judicial District Court, Parish of St. Landry, Louisiana on December 23, 2008, alleging that the accident was caused by the negligence of Wal-Mart. *R. 3, ¶ 5*. Plaintiff sought damages for pain and suffering, medical expenses, disability, lost wages and mental anguish. As required by Louisiana law, plaintiff's petition did not seek a specific amount of damages. *R. 3*.

Wal-Mart filed an answer to plaintiff's petition on February 5, 2009. *R. 9.* Also, on February 5, Wal-Mart propounded interrogatories and request for production of documents to plaintiff. *R. 6.* On June 12, 2009, plaintiff responded to Wal-Mart's request and produced her medical records available at that time as well as five signed authorizations in order for Wal-Mart to obtain any additional medical records. *R. 6-3.* Wal-Mart deposed plaintiff on August 24, 2009. *R. 6-4.* Plaintiff represents that Wal-Mart propounded its second set of interrogatories asking plaintiff for an itemization of her damages on October 9, 2009 to which she responded on November 20, 2009. *R. 6.* Wal-Mart removed this case to federal court on December 22, 2009, almost 1 year later after the petition was filed, asserting that the Court has jurisdiction under 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. *R. 1.* Plaintiff moves to remand on the ground that defendant's notice of removal was untimely.

*Analysis*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The defendant seeking removal bears the burden of demonstrating that a federal question exists. *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir.2007). Because removal raises significant federalism concerns, the removal statute is strictly construed "and any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*

The timeliness of removal in a civil case is governed by section 1446(b), which provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...

28 U.S.C. § 1446(b). The information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b). *Bosky v. Kroger Tex.*, 288 F.3d 208, 211 (5th Cir.2002). In addition, the thirty-day time period begins to run from the time the improper joinder may first be ascertained. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993) (diverse defendants were "entitled to remove the case within thirty days following their discovery of the improper joinder," which was when in-state defendant filed its answer).

Wal-Mart removed this action on December 22, 2009, stating in its Notice of Removal that it first became aware of the extent of plaintiff's alleged injuries which put the amount in controversy above the $75,000 jurisdictional minimum, upon receiving plaintiff's responses to Wal-Mart's second set of discovery requests on November 24, 2009. *R. 1*. Plaintiff asserts that Wal-Mart was on notice that the amount in controversy exceeded $75,000 on June 12, 2009, when it received a copy of her answers to Wal-Mart's initial request for production of documents. Plaintiff

3

further asserts that the discovery responses made it "unequivocally clear or certain" that the lawsuit was removable, as provided in the second paragraph of § 1446(b).

The record indicates that plaintiff's responses to Wal-mart's discovery dated June 12, 2009, included the production of her medical records from her treating orthopaedic surgeon, Dr. Elemer Raffrai, Opelousas General Hospital and Savoy Medical Center. *R. 6-3.* Dr. Raffai's records included a progress note dated June 3, 2008 which stated that plaintiff was diagnosed with advanced left knee arthritis and that, while she had undergone a knee arthroscope, she needed and would be scheduled for a knee replacement. *R. 6-6.* In plaintiff's August 24, 2009 deposition, she testified that she had a total of nine different surgeries on her knee, including a total knee replacement. *R. 6-4.* Plaintiff's Exhibit 1 filed into the record at the February 24 hearing indicates that plaintiff's medical bills from Dr. Raffai, Savoy Medical Center and Opelousas General Hospital from the date of the accident through December 8, 2008 totaled $159,861.51. *R. 11, Exh. 1.*

Based on the foregoing, the Court finds that plaintiff's June 12, 2009 production of her medical records to Wal-Mart constituted notice which was "unequivocally clear and certain" to start the time limit running under § 1446(b), and Wal-Mart's notice of removal was not timely filed. Accordingly, the Court will grant plaintiff's Motion to Remand, subject to the stay set forth in the accompanying order.

Plaintiff requests that the Court award costs and attorney's fees pursuant to 28 USC § 1447(c). 28 USC § 1447(c) states, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order

> remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 USC § 1447(c). An award of attorney's fees is discretionary and the Court does not consider the defendant's motive in removing the case. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000). The central consideration is whether the defendant had objectively reasonable grounds to believe that removal was legally proper. *Id*. at 293. "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case... [The Court must] evaluate the objective merits of removal at the time of removal irrespective of the fact that it might ultimately be determined that removal was improper." *Id*. In light of the relevant facts and circumstances at the time of removal of this action, the Court declines to grant plaintiff's request for costs and attorney's fees.